69904-7

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62456-Civ-Cohn/Seltzer
Magistrate Judge: Honorable Barry S. Seltzer

MICHAL HOLOVKA, via Assignment of Claim from EURO FIRST CHOICE ENTERPRISES, INC.,

    Plaintiff,

vs.

OCEAN 4660, LLC, a Florida limited liability company, d/b/a Lauderdale Beachside Hotel, LITTLE ITALY OCEANSIDE INVESTMENTS, LLC, a Florida limited liability company, TROPIC RANCH, INC., a Florida Profit Corporation, SHUTTERS ON THE OCEAN, LLC, a Florida limited liability company, ORLANDO METROPOLITAN HOTEL MANAGEMENT, LLC, a Florida limited liability company, 6323 INVESTMENTS, LLC, a Michigan limited liability company, HANNA KARCHO, Individually, and REMO POLSELLI, Individually,

    Defendants.
_____/



## EMERGENCY MOTION TO DISCHARGE *LIS PENDENS* OR, ALTERNATIVELY, TO SET LIS PENDENS BOND

Defendant, Ocean 4660, LLC ("4660"), moves this Court pursuant to Rule 65 of the Federal Rules of Civil Procedure and Section 48.23 of the Florida Statutes (Fla.Stat.Ann. §48.23), for the entry of an order dissolving the *Lis Pendens/ Notice of Pendency* (*Lis Pendens*) filed by the Plaintiff, Michael Holovka ("Holovka"). Alternatively, Ocean 4660 requests that this Court enter an Order requiring Holovka to post a *Lis Pendens* bond sufficient to address the potential loss and/or damages caused in


CASE NO. 11-62456-Civ-Cohn/Seltzer

the event that the *Lis Pendens* is determined to be unjustified. In support thereof, Ocean 4660 states as follows:

## PRELIMINARY STATEMENT CONCERNING EMERGENCY NATURE OF MOTION

1. Ocean 4660, LLC ("Ocean 4660") is a Florida limited liability company. Ocean 4660 owns real property located at 4658-4660 North Ocean Drive, Lauderdale-by-the-Sea, Broward County, Florida (the "4660 Property").

2. This motion requests the court to address a *Lis Pendens* filed against the 4660 Property as well as other properties identified in the encumbrance.

3. As noted by the Fifth Circuit, "[t]he affect of a lis pendens on the owner, however, is constraining. For all practical purposes, it would be virtually impossible to sell or mortgage the property because the interest of a purchaser or mortgagee would be subject to the eventual outcome of the lawsuit." *Beefy King International, Inc. v. Veigle*, 464 F.2d 1102 (5th Cir. 1972).[1]

4. On September 2, 2011, Ocean 4660 entered into an agreement to sell the Ocean Property (the "Agreement").[2]

5. The Agreement provided for a sixty day period within which to resolve title issues identified by the purchaser. Earlier identified title encumbrances were previously resolved. This newest encumbrance has been identified as a matter which must be resolved in order to effectuate the pending transaction.

---

[1] Pursuant to *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), all decisions of the former Fifth Circuit announced prior to October 1, 1981, were adopted as binding precedent by the Eleventh Circuit.

2

CASE NO. 11-62456-Civ-Cohn/Seltzer

6. As a result of the present time constraint, Ocean 4660 is seeking relief on an emergency basis to address and resolve not only the *Lis Pendens*, but to address any concerns raised by the court within sufficient time to address and resolve those such that the transaction can be completed.

7. This Court is aware of the immediacy of these issues. In fact, the Court previously determined, in separate litigation, that this matter presents a significant risk of irreparable and immediate harm. See *DiPilato v. Rudd & Diamond*, et. al., Court No. 10-cv-62492 (Cohn) (DE 109, pp. 5-6.)

## MOTION TO DISCHARGE LIS PENDENS AND EQUITABLE LIENS

8. Ocean 4660 is a Florida limited liability company. Ocean 4660 owns real property located at 4658-4660 Ocean Drive, Lauderdale-by-the-Sea, Broward County, Florida (the "4660 Property").

9. On November 16, 2011, Holovka, apparently ignoring the requirement that corporations be represented by legal counsel,[3] proceeding *pro se* pursuant to a purported assignment, filed the present action (the "Complaint").[4] (DE 1.)

10. On the same day Holovka filed the Complaint, he filed and caused to be recorded a document entitled "Lis Pendens/ Notice of Pendency" against 5 separate pieces of property which was recorded by the Broward County Records Office at Book 48310, page 41 (the "*Lis Pendens*").

---

[2] Factual support for these statements is set forth in the exhibits and materials submitted with the contemporaneously filed memorandum.
[3] See *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1386 (11th Cir. 1985).
[4] The similarities between the pending Complaint and the Complaint filed in the action *Frank, et. al. v. Ocean, 4660, LLC, et. al.*, Case No. 11-civ-62004-COHN, are almost too much to ignore.

CASE NO. 11-62456-Civ-Cohn/Seltzer

12. In the *Lis Pendens*, Holovka claims that this action has been commenced in which he, as the assignee of Euro First Choice Enterprises, Inc., is seeking a judgment: (i) imposing a constructive trust on the entirety of the five properties; and (ii) impressing a lien upon the properties

13. This most recent *Lis Pendens* represents nothing more than another unwarranted attempt to cloud title to Defendant's property.

14. By statute, and as recognized by the Fifth Circuit, this Court may dissolve or discharge the *lis pendens*. See *Beefy King International, Inc. v. Veigle*, 464 F.2d 1102 (5th Cir. 1972); see also Fla.Stat.Ann. §48.23(3).

15. In addition to the discharge of the *lis pendens*, Ocean 4660 requests that it be awarded the costs incurred in connection with this motion as required by §48.23. See *S&T Builders v. Globe Properties, Inc.*, 944 So. 2d 302 (Fla. 2006) (holding that an award of attorney's fees incurred in discharging a lis pendens is statutorily authorized" under section 48.23(3).)

16. Ocean 4660 further requests that this Court enter an appropriate decree precluding Plaintiffs from taking any further action with respect to any of the Properties identified in the *Lis Pendens*.

WHEREFORE, Defendant, Ocean 4660, LLC, respectfully requests that this Court enter an Order: (i) discharging the *Lis Pendens* recorded at Book 48310, page 41; (ii) precluding Holovka and/or Euro First Choice Enterprises, Inc., from filing any further encumbrances against the title for the 4660 Property and or any other properties identified in the *Lis Pendens*; (iii) for an award of attorney's fees and costs associated

CASE NO. 11-62456-Civ-Cohn/Seltzer

with having to prepare and present this motion and/or (iv) for whatever other relief this Court deems just and proper.

## ALTERNATIVE MOTION FOR SETTING OF LIS PENDENS BOND

17. Alternatively, to the extent that the Court chooses not to dissolve the *Lis Pendens*, Ocean 4660 requests that this Court set a *Lis Pendens* bond sufficient to address the potential damages caused by the *Lis Pendens* in case it is determined that they were improperly filed.

18. Pursuant to Florida law, the trial court has wide discretion concerning whether to require the proponent of a lis pendens to post a lis pendens bond. *Medical Facilities Development, Inc. v. Little Arch Creek Properties, Inc.*, 675 So. 2d 915 (Fla. 1996). However, the failure to require the bond proponent to post such a bond has been held to constitute reversible error where the bond proponent can demonstrate that damages or injury will likely be suffered from the lis pendens. *Empire Ocean Residence Realty, LLC v. CDR Créances, S.A.S.*, 44 So. 3d 179 (Fla. 3rd DCA 2010).

19. As set forth in the accompanying memorandum, Ocean 4660 can and will suffer damages and injury in the event that a bond is not posted. As such, in the event that the lis pendens is not discharged, a bond should be required in an amount equal to the present sale price for the 4660 Property as reflected in the Agreement of $13,250,000.00

WHEREFORE, Defendant, Ocean 4660, LLC, respectfully requests that this Court enter an Order requiring the Plaintiffs to post a lis pendens bond in the amount of $13,250,000.00 or in some other amount as the court deems appropriate.

CASE NO. 11-62456-Civ-Cohn/Seltzer

## INCORPORATION OF MEMORANDUM OF LAW

20. Ocean 4660 has filed, contemporaneously with this motion, a supporting memorandum of law. Ocean 4660 adopts and incorporates by reference the arguments and authorities cited therein as though fully set forth herein.

## CERTIFICATE OF GOOD FAITH CONFERENCE; CONFERRED BUT UNABLE TO RESOLVE ISSUES PRESENTED IN THE MOTION

21. Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant has attempted to confer with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to resolve the issues.

I HEREBY CERTIFY that on December 9, 2011, I filed the foregoing document with the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF

CASE NO. 11-62456-Civ-Cohn/Seltzer

or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> WICKER, SMITH, O'HARA, MCCOY & FORD, P.A.
> Attorney for Ocean 4660, LLC
> 515 E. Las Olas Boulevard
> SunTrust Center, Suite 1400
> P.O. Box 14460
> Ft. Lauderdale, FL 33302
> Phone: (954) 847-4800
> Fax: (954) 760-9353
>
> By: _____
> Patrick K. Dahl
> Florida Bar No. 084109
> pdahl@wickersmith.com

**Service List**

Michal Holovka
400 East Atlantic Boulevard, Suite 7
Pompano Beach, FL 33062