UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62456-CIV-COHN/SELTZER

MICHAL HOLOVKA, via Assignment
of Claim from EURO FIRST CHOICE
ENTERPRISES, INC.,

    Plaintiff,
v.

OCEAN 4660, LLC, et al.,

    Defendants.
_____/

## ORDER GRANTING EMERGENCY MOTION TO DISCHARGE *LIS PENDENS*

**THIS CAUSE** is before the Court on Defendant Ocean 4660, LLC's Emergency Motion to Discharge *Lis Pendens* or, Alternatively, to Set *Lis Pendens* Bond [DE 8] ("Motion"). The Court has carefully considered the Motion and accompanying Memorandum of Law [DE 9 at 1-13] ("Memorandum"), and the record in this case, and is otherwise fully advised in the premises.[1]

### I.  BACKGROUND

On November 16, 2011, Plaintiff Michal Holovka, via an assignment of claim from Euro First Choice Enterprises, Inc., acting *pro se*, filed this action against eight Defendants. See Complaint [DE 1]. The Complaint brings the following claims: violation of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, *et. seq*. (Count I); violation(s) of Florida's Civil RICO Act, Fla. Stat. § 772.101, *et seq*. (Count II); violation of the Florida Deceptive and Unfair Trade Practices Act

---

[1]    Plaintiff has not filed a Response, and the time for doing so has passed [DE 11].

("FDUTPA"), Fla. Stat. § 501.201, *et. seq.* (Count III); civil conspiracy (Count IV); and constructive trust (Count V).  See Compl.

On December 9, 2011, Defendant Ocean 4660, LLC ("Ocean 4660") filed the instant motion to discharge a *lis pendens* on the property or alternatively, to set a *lis pendens* bond.  According to the Affidavit of Hanna Karcho, the sole member of Defendant Ocean 4660, Plaintiff filed and recorded a "Lis Pendens" against numerous properties, including the property at 4658-4660 North Ocean Drive, Lauderdale-by-the-Sea, Florida, with the Broward County Clerk on November 16, 2011.  Affidavit of Owner [DE 9 at 17-21] ("Karcho Affidavit") ¶¶ 1, 2, 10.  Previously, on September 2, 2011, Defendant Ocean 4660 had entered into an agreement to sell the property at issue to a non-party for $13,250,000.  Id. ¶ 7.  The agreement provided for a 60-day period to resolve any title issues, and permitted the purchaser to terminate the agreement if any title issues were not resolved within that period.  Id. ¶ 8.  The purchaser has identified the *lis pendens* filed by Plaintiff as such a title issue that must be resolved.  Id. at ¶ 11.  Ms. Karcho, Ocean 4660, and the purchaser were not aware of the *lis pendens* in time to resolve the encumbrance prior to the to expiration of the 60-day period, but the purchaser has afforded a brief extension to resolve the *lis pendens*.  Id. ¶¶ 12-14.  Thus, Defendant Ocean 4660 seeks an Order from this Court discharging the *lis pendens*.  In the alternative, Defendant Ocean 4660 requests that the Court compel Plaintiffs to post a bond of $13,250,000 because the *lis pendens* will cause the sale of the property to fall through.

## II.  MOTION TO DISCHARGE LIS PENDENS

A federal court has the authority to use Florida Statute § 48.23(3) to discharge a lien "when the pending pleading does not show that the action is founded on a duly recorded instrument or on a lien claimed under Part I of Chapter 713 [construction liens] or when the action no longer affects the subject property."  Fla. Stat. § 48.23(3).  In Beefy King Int'l, Inc. v. Veigle, 464 F.2d 1102, 1104 (5th Cir. 1972),[2] the Court of Appeals affirmed the authority of a federal district court to discharge a *lis pendens* under Florida law because the court "determined that the suit does not directly affect the real property."  Under Florida law, "the proponent of a notice of lis pendens has the burden of proof to show a fair nexus between the property and the dispute."  Med. Facilities Dev., Inc. v. Little Arch Creek Props., Inc., 675 So. 2d 915, 917 (Fla. 1996) (citing Chiusolo v. Kennedy, 614 So. 2d 491 (Fla. 1993)).

Though the Court directed Plaintiff to respond to Defendant Ocean 4660's Motion by no later than December 19, 2011 [DE 11], Plaintiff has not responded.  Therefore, the Court decides the Motion without the benefit of a Response.

### A. Authority to Use § 48.23(3) to Discharge *Lis Pendens*

The Court finds that it has authority to use § 48.23(3) to discharge the instant *lis pendens* because the Complaint does not show that the action is founded on a duly recorded instrument or on a construction lien, and the action does not have a legally

---

[2] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the Circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

sufficient connection to the subject property. First, for a duly recorded instrument to provide the predicate for a *lis pendens* as of right, it must put a good faith purchaser on notice that there is a cloud on the title. See Ross v. Breder, 528 So. 2d 64, 65 (Fla. Dist. Ct. App. 1988) (finding the fact that a partnership agreement and warranty deed to the subject property did not place the matter outside the purview of § 48.23(3) because "the partnership agreement and deed would not put a good faith purchaser on notice that there is a cloud on the title.") (citations omitted). Nothing in the Complaint references any such recorded instrument. Second, the Complaint also does not reference any type of construction lien on the property at issue.

Finally, with respect to the relation to the subject properties, "[a] complaint which will not support a claim against the specific property at issue cannot provide a basis for tying it up by a filing of notice of *lis pendens*." Lake Placid Holding Co. v. Paparone, 414 So. 2d 564, 566 (Fla. Dist. Ct. App. 1982). "A cause of action for equitable relief such as a *lis pendens* does not arise simply because a promise to pay is subsequently broken." Id. "When the primary purpose of a lawsuit is to recover money damages and the action does not directly affect the title to or the right of possession of real property, the filing of a notice of lis pendens is not authorized." DeGuzman v. Balsini, 930 So. 2d 752, 755 (Fla. Dist. Ct. App. 2006). Though Plaintiff brings a claim for a constructive trust "upon the Real Property, which is the subject of this litigation," Compl. ¶ 111, the Complaint is predicated upon allegedly breached contractual obligations to pay money, not on any valid claim to the subject property. As Defendant Ocean 4660 notes, the "Complaint fails to articulate what right or interest [Plaintiff has] or can claim in the 4660 Property. The Complaint neither concerns nor involves the 4660 Property or any other

property beyond improperly attempting to make it available to satisfy some future monetary judgment." Mem. at 8 (citing Compl. ¶ 116 ("the remedies of law of Plaintiff Holovka are inadequate because: (a) said Plaintiff cannot recover the funds so expended which have been used for repair, restoration, renovation and improvement which have been incorporated with the knowledge and consent of Defendant(s) . . .")). Further, under Florida law, "[b]efore a court may fasten a constructive trust on a defendant's property, it must find particular property upon which attachment by trust can fairly be obtained. This specific property must be the subject of an inequitable transaction." Finkelstein v. Southeast Bank, N.A., 490 So. 2d 976, 983 (Fla. Dist. Ct. App. 1986). Importantly, "[m]ere breach of contract or other wrongdoing does not entitle a plaintiff to a constructive trust on a defendant's general assets to be used to satisfy a plaintiff's claim." Id. Plaintiff's Complaint does not meet these criteria. Thus, the pending action does not affect the subject property within the meaning of §48.23(3).

Plaintiff therefore has not shown "a fair nexus between the property and the dispute." Little Arch Creek Properties, 675 So. 2d at 917. Consequently, because this action is not founded upon a duly recorded instrument or a construction lien, and because the action does not affect the subject property within the meaning of § 48.23(3), the Court has the authority to use § 48.23(3) to discharge the *lis pendens*.

### B. The Court Will Discharge the *Lis Pendens*

Pursuant to § 48.23(3), "the court shall control and discharge the recorded notice of lis pendens as the court would grant and dissolve injunctions." Fla. Stat. § 48.23(3). In order to obtain a preliminary injunction under Federal Rule of Civil Procedure 65, a party must establish the following four elements: (1) a substantial likelihood of success

on the merits; (2) a substantial threat that the party will suffer irreparable injury if the injunction is not granted; (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party; and (4) granting the preliminary injunction will not disserve the public interest.  Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994); McDonald's Corp. v. Roberts, 147 F.3d 1301, 1306 (11th Cir. 1998). Applying these standards to this case demonstrates that Defendant Ocean 4660's Motion should be granted.

First, even though Plaintiff bears the burden to show a fair nexus between his claims and the subject property, Defendant Ocean 4660 has shown a substantial likelihood of success on the merits that the present lawsuit does not have a fair nexus to the real property.  The claims in the Complaint are focused upon allegations of breached contractual obligations to pay money.  The Complaint also includes allegations of an enterprise engaging in tax evasion and other allegedly criminal acts in the operation of Defendants' businesses.  Such claims and enterprise do not affect the subject property to the extent that they require an encumbrance on the property.

Second, Defendant Ocean 4660 has demonstrated a substantial threat of irreparable harm if the Motion is not granted by showing specific evidence that it will lose the opportunity to close on a signed contract to sell the property for over $13 million.  See Karcho Affidavit.  The *lis pendens* filed by Plaintiff effectively prohibits the real property from being sold.  See Beefy King, 464 F.2d at 1104.

Third, such injury outweighs any injury to Plaintiff as allowing the sale of the property does not inhibit Plaintiff from recovering any relief to which he might be entitled under his claims.  Finally, the public interest is best served by allowing real property to

be sold on the open market, and to discourage possible frivolous filings of liens on property that would stifle such sales. Therefore, the Court will grant Defendant Ocean 4660's Motion and discharge the *lis pendens*.

### III. ALTERNATIVE MOTION TO SET BOND

Regarding the alternative request to compel Plaintiff to post a bond of $13,250,000, the Court will not impose a bond at this time because it is granting the request to discharge the *lis pendens*. However, should Plaintiff appeal this Order, the appeal will effectively perpetuate the *lis pendens* and preclude Defendant Ocean 4660 from completing its sale. Therefore, in accordance with the above discussion and this Court's recent decisions in Frank v. Ocean 4660, LLC, et al., Case No. 11-62004, DE's 124, 136 (S.D. Fla. filed on Sept. 13, 2011), and DiPilato v. Rudd & Diamond, P.A. et al., Case No. 10-62492, DE 119 (S.D. Fla. filed on Dec. 22, 2010), if Plaintiff appeals this Order, he shall immediately post a bond to cover the potential damages if his failure to discharge the *lis pendens* causes the contract for sale of the subject property not to close. As in DiPilato v. Rudd & Diamond, P.A. et al. and Frank v. Ocean 4660, LLC, et al., the amount of the bond is best determined by the amount of the contracted price for the property, $13,250,000. DiPilato v. Rudd & Diamond, P.A. et al., DE 119 at 3; Frank v. Ocean 4660, LLC, et al., DE 124 at 9; see also Karcho Affidavit ¶¶ 7-8.

### IV. CONCLUSION

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant Ocean 4660, LLC's Emergency Motion to Discharge *Lis Pendens* [DE 8] is **GRANTED**;

7

2. The "*Lis Pendens* Notice of Pendency" filed in the records of Broward County, Florida, with filing location CFN # 110383043, OR BK 48310 Page 41, Recorded 11/16/2011 at 11:12 AM, is hereby **DISCHARGED**.

It is further **ORDERED AND ADJUDGED** that if Plaintiff appeals this Order:

1. Plaintiff shall, contemporaneously with his appeal, file a supersedeas bond in the amount of $13,250,000 in the docket of this action;

2. Plaintiff shall immediately take the necessary action to release and/or discharge the "*Lis Pendens* Notice of Pendency" filed in the records of Broward County, Florida, with filing location CFN # 110383043, OR BK 48310 Page 41, Recorded 11/16/2011 at 11:12 AM; and

3. Failure to timely file the bond shall result in the release of the above-mentioned "*Lis Pendens* Notice of Pendency."

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 21st day of December, 2011.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF
Michal Holovka, *pro se*, via CM/ECF regular mail