UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62456-CIV-COHN/SELTZER

MICHAL HOLOVKA, via Assignment
of Claim from EURO FIRST CHOICE
ENTERPRISES, INC.,

    Plaintiff,

v.

OCEAN 4660, LLC, et al.,

    Defendants.

_____/

### ORDER GRANTING MOTION TO STAY

**THIS CAUSE** is before the Court on Defendant Ocean 4660, LLC's Motion to Stay All Proceedings [DE 13] ("Motion"). The Court has carefully considered the Motion and the record in this case, and is otherwise fully advised in the premises.

On November 16, 2011, Plaintiff Michal Holovka, acting *pro se*, filed this action against eight Defendants. See Complaint [DE 1]. The Complaint brings the following claims: violation of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, *et seq.* (Count I); violation(s) of Florida's Civil RICO Act, Fla. Stat. § 772.101, *et seq.* (Count II); violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201, *et seq.* (Count III); civil conspiracy (Count IV); and constructive trust (Count V). See id.

Mr. Holovka brings all of these claims via a purported assignment of claim from Euro First Choice Enterprises, Inc. ("Euro First Choice"). Id. ¶ 2. Euro First Choice is an active Florida corporation. See Florida Department of State Division of Corporations

Records [DE 13-1]. Mr. Holovka is Euro First Choice's registered agent and president. See id.

It is a well-settled principle of law that corporate entities cannot appear *pro se* and must be represented by counsel. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385-86 (11th Cir. 1985), cert. denied, 474 U.S. 1058 (1986). This principle applies even where the person seeking to represent the corporation is its president or a stockholder. Id. at 1385 (citing In re Las Colinas Dev. Corp., 585 F.2d 7 (1st Cir. 1978), cert. denied, 440 U.S. 931 (1979), and Nat'l Indep. Theater Distribs., Inc. v. Buena Vista Distr. Co., 748 F.2d 602 (11th Cir. 1984)). An individual *pro se* plaintiff cannot avoid this long-standing policy by obtaining a corporation's assignment of claim. Id. at 1385-86; Jones v. Niagra Frontier Transp. Auth., 722 F.2d 20, 23 (2d Cir. 1983) (noting that federal courts have "disapproved any circumvention of the rule by the procedural device of an assignment of the corporation's claims to the lay individual"). The Court therefore cannot permit Mr. Holovka to represent his corporation *pro se*, whether or not he proceeds via an assignment of claim.

Based on the above-mentioned precedent, and in particular, the Jones case, Defendant Ocean 4660 suggests that the Court stay this action and all upcoming deadlines pending the appearance of counsel on behalf of Euro First Choice, and dismiss the action if counsel has not appeared within 45 days. The Court agrees that this is an appropriate and logical course of action under the circumstances. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant Ocean 4660, LLC's Motion to Stay All Proceedings [DE 13] is **GRANTED**;

2. The above-captioned action is **STAYED** pending the appearance of counsel on behalf of Euro First Choice Enterprises, Inc.;

3. If no counsel has appeared on behalf of Euro First Choice Enterprises, Inc. within 45 days of the date of this Order, all claims in the above-captioned action will be dismissed and the case will be closed.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 28th day of December, 2011.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF
Michal Holovka, *pro se*, via CM/ECF regular mail